## STRAUSS v. EDELSTEIN.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

PLEADING—REPLY—FILING—AFFIDAVIT OF MERITS—DISCRETION.

　　Where plaintiff neglected to file a reply to defendant's counterclaim within 20 days, and, on discovering that a reply should have been made, applied for leave to file the same on affidavit, to which the proposed reply was attached, and plaintiff's attorney, verifying the same, stated that the verification was made by him because all the material facts were within his personal knowledge, and that plaintiff was not within the county of New York, where the attorney had his office, it was not an abuse of the court's discretion to allow such reply to be filed without an affidavit of merits.

Appeal from special term, Queens county.

Action by Bernard Strauss against Alice G. Edelstein. From an order granting plaintiff leave to file a reply to defendant's counterclaim on terms, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Joseph Wilkenfeld, for appellant.
Charles S. Noyes, for respondent.

WOODWARD, J. This action was brought for the purpose of compelling the defendant to take title to certain real estate, under the terms of a written contract, and for damages growing out of the transaction. Defendant answered, interposing a counterclaim. A reply was not served within 20 days, but before trial the plaintiff discovered that a reply should have been made, and asked leave to serve the same. An order to show cause why plaintiff "should not have leave to serve a reply to the defendant's answer, such reply to be in the form attached to said affidavit," was granted, the motion was argued upon this and the affidavit of plaintiff's attorney, to which was attached the proposed reply, duly verified, and upon the complaint and answer, and the motion was granted. An order was made granting leave to the plaintiff to serve a reply in the form attached to the affidavit, and upon terms, and from this order appeal comes to this court.

While we have no doubt of the power of this court to interpose to prevent an abuse of this discretion, the case here presented is not one for the exercise of that power. The proposed reply, verified by the plaintiff's attorney, who explains that "this verification is made by deponent because all the material facts are within his personal knowledge, and because, as he is informed, Bernard Strauss is not within the county of New York, where deponent has his office," is sufficient to show to the court that the reply of the plaintiff should be served in the furtherance of the ends of justice, and it was not necessary, under the circumstances, that there should be an affidavit of merits. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.